MEMORANDUM **
Oregon state prisoner Appleton Pickett, Jr., appeals from the district court’s judgment dismissing his 28 U.S.C. § 2254 ha-beas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
The district court dismissed the petition, in part, on the grounds that it was untimely. Pickett contends that his petition was timely under 28 U.S.C. § 2244(d)(1)(C) because he filed it within one year of the Supreme Court’s decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This argument lacks merit because Pickett has not shown that he filed his petition within a year of the date on which the right he asserts was “newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” See 28 U.S.C. § 2244(d)(1)(C); see also Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir.2005) (concluding that the new rule announced in Blakely does not apply retroactively to a conviction that was final before that decision was announced).
In light of this disposition, we decline to reach Pickett’s contention that he has a constitutional right to a unanimous jury verdict.
We construe Pickett’s briefing of an un-certified ineffective assistance of counsel claim as a motion to expand the certificate of appealability, and we deny the motion. See 9th Cir. R. 22-l(e); Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.